NEMESIO MORALES CRUZ, Plaintiff and Appellant, *v.* DELIA MEJÍAS, INC., Defendant and Appellee. SANTIAGO VELÁZQUEZ RIVERA, Plaintiff and Appellant, *v.* SAME, Defendant and Appellee.

Nos. 8811 and 8812. Argued January 19, 1944.—Decided May 31, 1944.

*Carlos E. Colón* for appellants.  *Miguel Marcos Morales* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Delia Mejías, Inc., a domestic corporation with its principal offices in Ponce, P. R., and engaged in the needlework business, was separately sued by Nemesio Morales Cruz and Santiago Velázquez Rivera to recover damages arising from an automobile accident. The facts as described in the complaints are as follows:

" . . . on July 19, 1941, at about 1:40 P. M., in Villa Street of the city of Ponce, P. R. . . . an automobile, license plate no. 6452, belonging to Carlos Mejías, driven at that moment by Fernando Luis Torres Medina, an employee and agent of the defendant, Delia Mejías, Inc., while going from west to east at a high speed and in a careless and negligent manner turned to its left thereupon striking a hand cart belonging to plaintiff (Nemesio Morales Cruz) which was parked by the side of said Villa Street, destroyig it and violently hitting the plaintiffs, who were standing by the cart, seriously injuring them, subsequently running against a commercial establishment situated in that same street and injuring Ismael Torres Rodríguez who at that moment was standing at its door." (Parenthetical matter supplied.)

It was also alleged that said automobile, license plate No. 6452, and its driver were at the time of the accident engaged in business for defendant, Delia Mejías, Inc., and in the course of the same, "under order and instructions given to him by the directors or officers who at the time were in charge of the business of said corporation, one of whom was himself the owner of the automobile involved in the action which is the subject matter of this complaint."

Delia Mejías, Inc., answered each one of the complaints by admitting some of the facts alleged in the same and denying others.

When both cases were called for trial on October 29, 1942, the parties appeared and by a stipulation they agreed to try both cases jointly.

On October 28, 1943, the District Court of Ponce entered judgment in each of said cases dismissing both complaints. From said judgments the plaintiffs have appealed.

We deem it proper to consider both appeals jointly as the questions raised in the five assignments of errors can be reduced to one, to wit: Did the lower court err in declaring that the defendant was not responsible for the damages caused by the negligence of its employee, Fernando Luis Torres Medina?

■■ Before answering this question, we shall make an analysis of the facts which were established in the lower court and as to which there is no controversy. These facts are as follows: (a) That the accident happened in the manner described in the complaint; (b) that the same was due exclusively to the negligence of Fernando Luis Torres Medina in driving the automobile, license plate No. 6452; (c) that said automobile was at the time of the accident the property of Carlos Mejías; (d) that on the date of the accident Torres Medina was an employee in the shop of the defendant corporation; (e) that Miss Delia Mejías was president of Delia Mejías, Inc., and also of the corporation, Am-

erican Coffee Shop; (*f*) that Carlos Mejías, a brother of Delia Mejías, was also a stockholder of the American Coffee Shop at the time of the accident which is the subject matter of this suit, but was not an employee of the defendant.

In addition to the above-stated facts, the plaintiff tried to prove that Fernando Luis Torres Medina, an employee of the defendant, worked in the defendant's sewing shop and sometimes drove defendant's automobiles in furtherance of the business of the same; that on the day of the accident, which was a Saturday, at about eleven o'clock in the morning and because of a telephone call, he went to the American Coffee Shop, where Delia Mejías ordered him to go in Carlos Mejías' automobile to the "Deportivo" to look for her mother to take her to the defendant's shop and also to get some tablecloths for the Coffee Shop, that when he was about to leave he was told to wait a moment and was directed to help at the soda fountain, as it was Saturday and business was brisk at the Coffee Shop, and later to do the other errands that he had been entrusted with; that Torres Medina used to help in the Coffee Shop; that about half past one or two o'clock in the afternoon, when he was getting ready to comply with the orders given to him, he told Delia Mejías that he had had no lunch and she told him to go for his lunch first and then to get her mother and bring her to the Shop and take the tablecloths to the Coffee Shop; that when he was coming back from lunch and was going to look for Mrs. Mejías at her home the accident occurred.

If the above facts are true, is the defendant liable for the damages suffered by the appellants?

(1) Section 1802 of the Civil Code provides as a general rule hat he who by an act or omission causes damage to another when there is fault or negligence on his part shall be obliged to repair the damage done. As an exception to this general rule, §1803 provides that said liability extends

also to the acts of those persons for whom one should be responsible and expressly provides that the owners or directors of an establishment or enterprise are liable for the damages caused by their employees in the service of the branches in which they are employed or on account of their duties. .

. Thus, this court, interpreting said Sections of the Civil Code as regards their application to enterprises which own automobiles, has said that they were liable for the damages caused by said vehicles when the same were driven negligently by their employees in the course of their employment, (*Truyol & Co.* v. *West India Oil Co.*, 26 P.R.R. 321) but that in order that said liability shall exist it is necessary to prove (1) that when the accident occurred the person causing the damages was an employee or agent of the defendant's enterprise, and (2) that he was at the time in the course of his employment as such, *Vélez* v. *Armstrong Bros.*, 40 P.R.R. 680.

. Nevertheless, this rule was disregarded in later cases by the adoption of another to the effect that "proof that the plaintiff was, on the day of the accident, the owner of the automobile that caused the damage, establishes the presumption *juris tantum* that the person who was negligently operating the automobile on that day was an employee or agent of the defendant acting in the discharge of his duties." *Lotti* v. *McCormick Lumber Co.*, 51 P.R.R. 323, 329, and the following, where an analysis of the question is made; *Morales* v. *Otero*, 53 P.R.R. 542, and *Aponte* v. *Palacios*, 55 P.R.R. 674, in which *Lotti* v. *McCormick, supra,* is followed.

This presumption is applicable only in cases of establishments and enterprises which own automobiles for the use of the business. It is not applicable to a case like the instant case in which the automobile which caused the accident was the property of Carlos Mejías and was used for his private purposes.

■ The plaintiffs tried to prove that Carlos Mejías' automobile on occasions was used for the benefit of the defendant, and that at the time of the accident herein it was being used by the defendant. But neither in our opinion, nor in that of the lower court, did the plaintiffs establish this fact. It is immaterial to the decision of these cases that the defendant had used Carlos Mejías' automobile for its own benefit on other isolated occasions as the plaintiffs attempted to show. This did not establish any presumption in favor of the plaintiffs, since the *juris tantum* presumption that we previously analized is applicable only to cases in which the defendant's enterprise is owner of the vehicle which caused the damage. In the instant case the burden of the proof was upon the plaintiff to establish that the automobile was in the service of the defendant. For this purpose, Fernando Luis Torres Medina, whose negligence was the cause of the accident for which damages are sought by the plaintiffs-appellants, was called to testify. His testimony does not establish in any manner that he was at the time of the accident driving the automobile for the benefit of the defendant or in connection with the performance of his duties as its employee.

From this testimony nothing appears to establish defendant's liability for the action of Fernando Luis Torres Medina. The order in question was given by Delia Mejías, president of Delia Mejías, Inc., the defendant corporation and also of the American Coffee Shop, but was this order for any service to be performed by the defendant? No. According to the witness' own testimony, the order was for him to get the mother of the Mejías and to take her either to the defendant shop or to the Coffee Shop (the witness contradicts himself in this respect) and to get some tablecloths for the Coffee Shop. It does not matter whether Torres Medina was ordered to take Mrs. Mejías to her home or to the Shop of Delia Mejías, Inc., since the said lady

did not work there nor was she a stockholder in the corporation, so that her presence there was of no benefit to said corporation. Nor were the tablecloths for the defendant. They were for the Coffee Shop, which is a different corporation from the defendant herein.

For the foregoing reasons, we do not deem it necessary to discuss any further the errors assigned by the appellants. The judgments should be affirmed.

Mr. Justice Snyder did not participate herein.